BURKS (ADAMS v.). See Case No. 50.

## Case No. 2,166.

BURLEIGH ROCK–DRILL CO. v. LOBDELL et al.

[1 Holmes, 450;[1] 7 O. G. 836; 1 Ban. & A. 625.]

Circuit Court, D. Massachusetts. Jan., 1875.

PATENTS—INFRINGEMENT — PRELIMINARY INJUNCTION.

Where a preliminary injunction is sought to restrain alleged infringement of a patent which has not been sustained by judicial decision, the infringement must clearly appear.

[Cited in New York Grape Sugar Co. v. American Grape Sugar Co., 10 Fed. 837.]

[In equity. Bill by the Burleigh Rock-Drill Company against George W. Lobdell and others to restrain infringement of patent No.

[1] [Reported by Jabez S. Holmes, Esq., and here reprinted by permission.]

52,960, granted to Brooks, Gates, and Burleigh for a rock drill. Complainant moved for a preliminary injunction, and the motion was denied.]

Chauncy Smith, for complainant.

George Gifford and C. H. Drew, for defendants.

SHEPLEY, Circuit Judge. This is a motion for preliminary injunction, pendente lite. Although, upon a careful consideration of the evidence in the record, I see no good reason to doubt the validity of the two patents of the complainant, which alone were in issue at the hearing upon this motion, yet there has been no prior judicial adjudication in favor of their validity. The acquiescence in the patent has, it is true, been sufficient to lay the foundation for an injunction pendente lite in case of a clear, substantial identity between the patented invention and the infringing device. But where acquiescence is relied upon as a basis for the motion for a preliminary injunction, the infringement must be palpable. This is not a case of wilful infringement, or of the use of a device identical with the patented one, or a mere colorable attempt to evade it. The defendants are using a machine openly made, sold, and used under patents, and which in good faith the manufacturers have placed in open competition with the machines made by the complainant, honestly believing that they were not trespassing upon any rights of the complainant. This is no defence, if they are adjudged at the final hearing to infringe. But it is a reason why the court should hesitate to interfere before the final decree in a case where there is no suggestion of any irremediable injury in the intervening time, or of any want of ability to respond to any judgment which may finally be recovered.

Without anticipating at this time any conclusions which may with more accuracy and more appropriately be drawn at the final hearing, and remarking only that, for the purposes of the hearing on this motion, I treat the ninth claim of the patent, No. 52,960, as a claim for a combination of three elements, it is sufficient to decide that a case of infringement is not made so clearly to appear as to require any action by the court in the nature of an injunction at this stage of the proceedings. Motion denied.